1  NICOLE A. DILLER, SBN 154842
   ALISON B. WILLARD, SBN 268672
2  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
3  San Francisco, California 94105-1126
   Telephone: (415) 442-1000
4  Facsimile: (415) 442-1001
   ndiller@morganlewis.com
5
   Attorneys for Genentech, Inc., Tax
6  Reduction Investment Plan and
   Genentech, Inc.
7
   (Additional Counsel Listed
8  on Signature Page)

9

10                          UNITED STATES DISTRICT COURT

11                          NORTHERN DISTRICT OF CALIFORNIA

12  KINFONG SIT, an individual; and MEE          Case No. 3:12-CV-04864-SI
    WAI CHIU, an individual,
13                                                **STIPULATION AND [PROPOSED] ORDER**
                        Competing
14                      Claimants,
                                                  **Civil Local Rule 7-12**
15                   v.

16  GENENTECH, INC., TAX REDUCTION
    INVESTMENT PLAN; AYUMI
17  NAKAMOTO; and DOES 1 to 20,

18                      Defendants.

19
    GENENTECH, INC., as Plan
20  Administrator for The Genentech, Inc.,        Related Case No. 3:12-CV-05077-SI
    Tax Reduction Investment Plan,
21
                        Plaintiff in
22                      Interpleader

23                   v.

24  KINFONG SIT, MEE WAI CHIU, and
    AYUMI NAKAMOTO,
25
                        Defendants in
26                      Interpleader.

27

28

CASE NO. 3:12-CV-04864-SI
STIPULATION AND [PROPOSED] ORDER

Pursuant to Civil Local Rule 7-12, Kinfong Sit and Mee Wai Chiu ("Competing Claimants"), Genentech, Inc., as Plan Administrator for Defendant Genentech, Inc. Tax Reduction Investment Plan (the "Plan"),[1] and Ayumi Nakamoto, by and through their respective counsel, stipulate and respectfully request the Court to order as follows:

## I. RECITALS

A. The late Kin Kui Sit, a former employee of Genentech, participated in the Plan, which is a retirement plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). The Plan is an eligible individual account plan and Mr. Sit's Plan accrued benefit is maintained in his Plan account (the "Account").

B. Mr. Sit married Ms. Nakamoto on February 1, 2006, and initiated divorce proceedings in California state court on November 23, 2009.

C. On June 12, 2011, an amended beneficiary designation pertaining to the Account was electronically submitted to the Plan's recordkeeper, naming the Competing Claimants as the sole beneficiaries of the Account.

D. The Plan administrator and the Plan recordkeeper never received a notarized consent from Ms. Nakamoto to the designation of someone other than herself as Mr. Sit's beneficiary.

E. Mr. Sit died on June 19, 2011 prior to the entry of a divorce decree in the divorce proceedings he had initiated.

F. On January 23, 2012, the Competing Claimants submitted a formal claim for benefits under the Plan pertaining to the Account. The claim asserted that the June 12, 2011 designation was valid without Ms. Nakamoto's consent pursuant to Section 417(a)(2) of the Internal Revenue Code on the grounds that she had abandoned Mr. Sit prior to his death within the meaning of California law, and that an order of abandonment from a California court could issue *nunc pro tunc*.

G. Genentech denied the claim and subsequent appeal on the grounds that the Plan

---

[1] As of October 1, 2012, the Plan merged into the US Roche 401(k) Savings Plan. For purposes of this Agreement, references to the Plan on or after that date are to the US Roche 401(k) Savings Plan.

1  and the Internal Revenue Code require notarized spousal consent in order for a married plan
2  participant to designate someone other than his or her spouse as the beneficiary of an ERISA-
3  governed retirement plan.  Genentech concluded that Ms. Nakamoto was the proper beneficiary
4  of the Account because the Competing Claimants could not provide a valid spousal consent to the
5  designation naming them as beneficiaries and had not obtained an order of abandonment prior to
6  Mr. Sit's death.

7  H. On August 30, 2012, the Competing Claimants filed a lawsuit against the Plan and
8  Ms. Nakamoto in the Superior Court of California (the "Sit Action").  The complaint alleges that
9  the Competing Claimants are the proper beneficiaries of the Account.  The Sit Action asserts a
10 claim for benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B), alleges
11 breaches of fiduciary duty, and requests a declaratory judgment and the imposition of a
12 constructive trust.  The Plan removed the Sit Action to this Court on September 17, 2012.

13 I. Genentech concluded that the Sit Action presented a colorable claim for benefits
14 and an inconsistent demand of entitlement with respect to the Account.  Accordingly, Genentech
15 filed an interpleader action on behalf of the Plan against Competing Claimants and Ms. Nakamoto
16 in this Court captioned *Genentech, Inc. v. Sit et al.*, No. 3:12-cv-05077-JSW (N.D. Cal. filed
17 Sept. 28, 2012) (the "Interpleader Action").

18 J. By the Interpleader Action, Genentech sought an order that would require the
19 Competing Claimants and Ms. Nakamoto to litigate their respective rights to the Account so that
20 the Court could declare and adjudge the proper beneficiary or beneficiaries under the Plan and the
21 law.  The Interpleader Action also sought discharge and release of Genentech, the Plan, and the
22 Plan's fiduciaries from all claims and liability relating to the Account upon deposit with the Court
23 of the benefits attributable to Mr. Sit's participation in the Plan.

24 K. The Court entered an order relating the Interpleader Action to the Sit Action on
25 November 13, 2012, and subsequently stayed both cases pending resolution of a third case,
26 *Nakamoto v. Sit et al.*, No. CGC-12-520301 (California Superior Court), a California state court
27 action in which Ms. Nakamoto challenged the validity of Mr. Sit's will (the "Nakamoto Action").
28

L.  On March 13, 2013, without the participation of Genentech or the Plan, the Competing Claimants and Ms. Nakamoto reached an agreement to resolve the Nakamoto Action. That settlement agreed upon an allocation of the Account among Ms. Nakamoto, Mr. Sit and Ms. Chiu, as beneficiaries of the respective amounts specified in Paragraph 2 below, and requires the Competing Claimants to voluntarily dismiss the Sit Action. Declaration of Alison B. Willard ("Willard Decl."), Exh. A. It also requires the Competing Claimants and Ms. Nakamoto to work with Genentech to obtain an appropriate order from this Court to carry out the terms of the settlement.

M.  The Plan and Ms. Nakamoto have denied and continue to deny the allegations made by Competing Claimants in the Sit Action. However, all parties to the Sit Action and the Interpleader Action mutually desire to resolve both matters and stipulate and respectfully request the Court to order as follows.

## II.  **STIPULATION**

1.  Within five (5) business days of the Court's order approving this Stipulation, Ms. Nakamoto and the Competing Claimants shall each provide to Genentech all information necessary to authorize Genentech to open individual Plan accounts in their names, as beneficiaries of the Account. Upon receipt, Genentech shall direct the Plan trustee to open such accounts and to provide each beneficiary with the following: (a) the account number of and name associated with his or her individual Plan account; (b) the telephone number for the Plan trustee's customer service department, which can provide the beneficiaries with information about how to take direct and/or rollover distributions from their individual Plan accounts; and (c) any forms or other paperwork required by the Plan or the Plan trustee to effect a rollover distribution. The parties agree, and the Court finds, that the colorable claim for benefits presented by the Competing Claimants permits the transfer of Plan assets to them as beneficiaries as provided by Section 6.1 of the Plan (Willard Decl., Exh. B) and 26 U.S.C. §§ 402(c)(11) and 401(a)(9)(E).

2.  As soon as administratively practicable following the opening of the Plan accounts described in Paragraph 1, Genentech shall direct the Plan trustee to convert the assets in the Account to cash or cash equivalents and to then transfer the assets as follows:

        a.      Transfer cash or assets having an aggregate value of $570,000 from the Account into the Plan account established in the name of Ayumi Nakamoto, as beneficiary;

        b.      Transfer cash or assets having an aggregate value of 55% of the remainder of the Account into the Plan account established in the name of Kinfong Sit, as beneficiary; and

        c.      Transfer the balance of the Account into the Plan account established in the name of Mee Wai Chiu, as beneficiary.

3.      As soon as administratively practicable thereafter, Genentech shall provide counsel for the Competing Claimants and Ms. Nakamoto a statement of the amount of cash or value of assets transferred into each of their individual Plan accounts pursuant to Paragraph 2.

4.      Following such transfers, Competing Claimants and Ms. Nakamoto shall be entitled to rollover some or all of the assets in their individual Plan accounts, or to otherwise take a distribution, in accordance with the Plan's regular distribution procedures.

5.      The failure by any party to provide the information required in Paragraph 1 above shall not delay the transfer of assets to any other party.

6.      Within five (5) business days of the Court's order approving of this Stipulation, the Competing Claimants shall dismiss the Sit Action in its entirety with prejudice and Genentech shall dismiss the Interpleader Action in its entirety with prejudice.

7.      The Competing Claimants and Ms. Nakamoto, on their own behalf and on behalf of their respective heirs, spouses, successors and assigns, waive and release any and all claims, whether or not now known to them, against Genentech, the Plan and, as applicable by the nature of the entity, its affiliated companies, fiduciaries, service providers, attorneys, recordkeepers and trustees, arising from or relating to the subject matter of the Sit Action, the Interpleader Action, the Nakamoto Action, and/or the Account.

8.      Each party shall bear its own costs and attorney's fees.

9.      Nothing about the fact or content of this Stipulation or Order shall be considered to be or treated by any party as an admission of any breach, wrongdoing, liability or violation of law by any other party.

10. In the event the Court does not approve this Stipulation and Proposed Order in its entirety, this Stipulation shall become ineffective and the parties' respective positions as of the date this Stipulation was fully executed shall be restored.

IT IS SO STIPULATED.

Dated:  June 7, 2013                 /s/ Jennifer Matthews
                                     GENENTECH, INC., individually and as Plan Administrator for The US Roche 401(k) Savings Plan f/k/a The Genentech, Inc. Tax Reduction Investment Plan

                                     By:  Jennifer Matthews
                                          Printed Name

                                          Senior Corporate Counsel
                                          Title

Dated:  June 7, 2013                 _____
                                     KINFONG SIT


Dated:  June 7, 2013                 _____
                                     MEE WAI CHIU


Dated:  June 7, 2013                 _____
                                     AYUMI NAKAMOTO


APPROVED AS TO FORM

Dated:  June 7, 2013                  /s/ Nicole A. Diller
                                     Nicole A. Diller, SBN 154842
                                     MORGAN, LEWIS & BOCKIUS LLP
                                     One Market, Spear Street Tower
                                     San Francisco, California  94105-1126
                                     Telephone:  (415) 442-1000
                                     Facsimile:   (415) 442-1001
                                     ndiller@morganlewis.com

                                     Attorneys for Genentech, Inc. and the Genentech, Inc. Tax Reduction Investment Plan

10. In the event the Court does not approve this Stipulation and Proposed Order in its entirety, this Stipulation shall become ineffective and the parties' respective positions as of the date this Stipulation was fully executed shall be restored.

IT IS SO STIPULATED.

Dated: _____, 2013

GENENTECH, INC., individually and as Plan Administrator for The US Roche 401(k) Savings Plan f/k/a The Genentech, Inc. Tax Reduction Investment Plan

By: _____
       Printed Name

_____
Title

Dated: 6/6, 2013

*/s/ Kinfong Sit/*
KINFONG SIT

Dated: _____, 2013

MEE WAI CHIU

Dated: _____, 2013

AYUMI NAKAMOTO

APPROVED AS TO FORM

Dated: _____, 2013

Nicole A. Diller, SBN 154842
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
ndiller@morganlewis.com

Attorneys for Genentech, Inc. and the Genentech, Inc. Tax Reduction Investment Plan

10. In the event the Court does not approve this Stipulation and Proposed Order in its entirety, this Stipulation shall become ineffective and the parties' respective positions as of the date this Stipulation was fully executed shall be restored.

IT IS SO STIPULATED.

Dated: _____, 2013

GENENTECH, INC., individually and as Plan Administrator for The US Roche 401(k) Savings Plan f/k/a The Genentech, Inc. Tax Reduction Investment Plan

By: _____
      Printed Name

_____
Title

Dated: _____, 2013

_____
KINFONG SIT

Dated: 6-6, 2013

*/s/ Mee Wai Chiu*
MEE WAI CHIU

Dated: _____, 2013

_____
AYUMI NAKAMOTO

APPROVED AS TO FORM

Dated: _____, 2013

_____
Nicole A. Diller, SBN 154842
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
ndiller@morganlewis.com

Attorneys for Genentech, Inc. and the Genentech, Inc. Tax Reduction Investment Plan

1  10. In the event the Court does not approve this Stipulation and Proposed Order in its
2  entirety, this Stipulation shall become ineffective and the parties' respective positions as of the
3  date this Stipulation was fully executed shall be restored.
4  IT IS SO STIPULATED.

Dated: _____, 2013

GENENTECH, INC., individually and as Plan Administrator for The US Roche 401(k) Savings Plan f/k/a The Genentech, Inc. Tax Reduction Investment Plan

By: _____
Printed Name

_____
Title

Dated: _____, 2013

_____
KINFONG SIT

Dated: _____, 2013

_____
MEE WAI CHIU

Dated: June 6, 2013

*Ayumi Nakamoto*
AYUMI NAKAMOTO

APPROVED AS TO FORM

Dated: _____, 2013

_____
Nicole A. Diller, SBN 154842
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
ndiller@morganlewis.com

Attorneys for Genentech, Inc. and the Genentech, Inc. Tax Reduction Investment Plan

Dated: JUNE 6, 2013

_____
Suzan Yee, SBN 88418
TSAO-WU, CHOW & YEE LLP
Monadnock Building
685 Market Street, Suite 460
San Francisco, CA 94105
Telephone: (415) 777-1688
Facsimile: (415) 777-2298
syee@tsaochow.com

Attorneys for Ayumi Nakamoto

Dated: _____, 2013

_____
Wendell H. Goddard, SBN 65944
GODDARD LAW OFFICES
483 Ninth Street, Suite 200
Oakland, CA 94607
Telephone: (510) 625-7777
Facsimile: (510) 625-7770
wgoddard@earthlink.net

Attorneys for Kinfong Sit And Mee Wai Chiu

PURSUANT TO STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED.

6/11/13

_____
Susan Illston, United States District Judge

| | |
|---|---|
| 1  Dated: _____, 2013 | |
| 2 | Suzan Yee, SBN 88418 |
| | TSAO-WU, CHOW & YEE LLP |
| 3 | Monadnock Building |
| | 685 Market Street, Suite 460 |
| 4 | San Francisco, CA 94105 |
| | Telephone: (415) 777-1688 |
| 5 | Facsimile: (415) 777-2298 |
| | syee@tsaochow.com |
| 6 | |
| 7 | Attorneys for Ayumi Nakamoto |

Dated: June 6, 2013

/s/ Wendell H. Goddard
Wendell H. Goddard, SBN 65944
GODDARD LAW OFFICES
483 Ninth Street, Suite 200
Oakland, CA 94607
Telephone: (510) 625-7777
Facsimile: (510) 625-7770
wgoddard@earthlink.net

Attorneys for Kinfong Sit And Mee Wai Chiu

PURSUANT TO STIPULATION AND GOOD CAUSE APPEARING, IT IS SO ORDERED.

_____
Susan Illston, United States District Judge